CHARLES H. BLANCHARD & another *vs.* BILLINGS MANN.

*ɪn an action against the indorser of a promissory note, in which the defence set up is that the defendant was induced to indorse the note by fraudulent representations of the plaintiff as to the responsibility of the maker, the plaintiff may testify to his opinion of the maker's responsibility at the time when the indorsement was made.*

CONTRACT against the indorser of a promissory note made by Charles Mann and payable to the plaintiffs. The answer aver‧red that the indorsement of the defendant was obtained by fraud and false representations; and that Charles H. Blanchard, one of the plaintiffs, for the purpose of inducing the defendant to indorse the note, stated to him that Charles Mann was in good circumstances, whereas in fact he was in failing circumstances, which the plaintiff Blanchard well knew. At the trial in the superior court, Blanchard was examined as a witness, and his counsel proposed to ask him as to his opinion of Charles Mann's pecuniary responsibility at the time when the defendant indorsed the note; but *Putnam*, J. ruled that the question was improper, and that it must be confined to the belief of the witness in the specific representations made to the defendant at the time. A verdict was returned for the defendant, and the plaintiffs alleged exceptions.

*H. C. Hutchins*, for the plaintiffs.

*C. Devens, Jr. & G. F. Hoar*, for the defendant.

BIGELOW, C. J. The inquiry put to the plaintiff was relevant and material to the issue. The defendant alleged in his answer that his indorsement on the note declared on was obtained by false and fraudulent representations concerning the pecuniary condition and solvency of the promisor made to him by the plaintiff Blanchard. To disprove this allegation, it was competent to show that Blanchard believed the promisor to be in good credit and able to pay his debts; because such belief, honestly entertained, tended directly to negative any fraud or falsehood in his statements to the defendant. It is true that the gist of the controversy between the parties was as to the

specific representations alleged in the answer.   But the truth or falsity of these very repfesentations, so far as they involved a charge of fraud on the part of the plaintiff Blanchard, necessarily depended on his actual belief as to the responsibility and credit of the promisor.   In this view, the exclusion of the evidence was clearly erroneous.                *Exceptions sustained*